## Kercher, Appellant, *v.* Weiss.

*Townships—Money from liquor license—Independent district—Acts of May 17, 1871, P. L. 892, May 13, 1887, P. L. 108, and June 9, 1891, P. L. 248.*

The North Lebanon independent school and road district created by the Special Act of May 17, 1871, P. L. 892, out of a portion of North Lebanon township, Lebabon county, is not entitled to four-fifths of the liquor license fees which the Act of May 13, 1887, sec. 8, P. L. 108, as amended by the Act of June 9, 1891, P. L. 248, directs shall be paid to the treasurer of the township for the purpose of keeping the roads in good repair. The district created by the special act is not a township within the meaning of the liquor law.

Submitted Oct. 28, 1912. Appeal, No. 156, Oct. T., 1912, by plaintiff, from order of C. P. Lebanon Co., Sept. T., 1911, No. 103, dismissing petition for mandamus in case of John H. Kercher, Supervisor of North Lebanon independent school and road district, North Lebanon township, Lebanon county, v. Charles Z. Weiss, county treasurer of Lebanon county. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for mandamus.

HENRY, P. J., stated the facts to be as follows:

The petitioner is the supervisor of North Lebanon independent school and road district, which was created and is existing by virtue of the Act of Assembly of May 17, 1871, P. L. 892. The defendant at the time of the inception of this proceeding was the county treasurer of Lebanon county, and as such official received and still retains the sum of $228, being four-fifths of the liquor license fees paid by the proprietors of two hotels situate in said road and school district for the years 1910 and 1911. North Lebanon township embraces the said North Lebanon independent school and road district. The peti-

92        KERCHER, Appellant, *v.* WEISS.

Statement of Facts—Opinion of the Court.    [52 Pa. Superior Ct.

tioner has asked for a writ of mandamus to compel the said county treasurer to pay to the petitioner the said sum of $228, held as aforesaid, to which the defendant has filed an answer which is in effect a demurrer, and the matter is now before the court upon this petition and answer.

The court dismissed the petition.

*Error assigned* was order dismissing the petition.

*Paul G. Adams* and *J. G. Adams*, for appellant.

*Dawson W. Light* and *Walter C. Graeff*, for appellee.

PER CURIAM, November 18, 1912:

Section 8 of the Act of May 13, 1887, P. L. 108, as amended by the Act of June 9, 1891, P. L. 248, provides, inter alia, that in townships four-fifths of the liquor license fees shall be paid to the treasurer thereof for the use of the township, and that the money thus paid into the township treasury shall be applied to keeping the roads in good repair. North Lebanon Independent School and Road District, which was created by local Act of May 17, 1871, P. L. 892, is not a township and we can find no evidence in the act of 1891 of an intent on the part of the legislature to give to any particular district of a township a right to a specific part of the license fees. The money is appropriated to the use of the township as a whole, and there is no more ground for holding that it is all to go for the maintenance of roads of the district in which the licensed places happen to be situated than there is for holding that such district is to be excluded from participation. The matter was wholly for legislative consideration and determination and it having plainly provided that the money is to be applied to the maintenance of the roads in the entire township, it would be in the nature of legislation rather than of judicial construction to hold that it is applicable to roads of a particular part of the township merely because the licensed places happen to be situated

in that part. We conclude that the learned judge below was right in his conclusion, and nothing further need be added to what is contained in the opinion rendered by him.

The judgment is affirmed.